| | | |
|---|---|---|
| CARLOS L. C., | : | |
| | : | |
| Petitioner, | : | Civ. No. 18-8670 (KM) |
| | : | |
| v. | : | |
| | : | |
| CHARLES GREEN, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.     INTRODUCTION

The petitioner, Carlos L. C.,[1] is an immigration detainee, currently being held at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted insofar as the government will be required to afford the petitioner a bond hearing to justify his continued detention.

## II.     PROCEDURAL HISTORY

Petitioner, a native and citizen of the Dominican Republic, entered the United States as a lawful permanent resident in March 1996. In August 2009, Petitioner was convicted of criminal sexual contact, under N.J. Stat. Ann. §§ 2C:14-2(c)(4) and 2C:14-3(b). The Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), took Petitioner into custody on December 9, 2016, and commenced removal proceedings against him. It seems that Petitioner has remained in immigration custody under 8 U.S.C. § 1226(c) since that time.

---

[1]     Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

Petitioner has filed a petition for a writ of habeas corpus, seeking his immediate release on bond, or in the alternative an order directing that he receive an individualized bond hearing at which the government would bear the burden of justifying Petitioner's continued detention. (DE 1.) Petitioner does not dispute the initial basis for his detention, but he asserts that the length of his detention has been unduly prolonged to the point of having become unconstitutional under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011).

I ordered respondent to file an answer to the petition. (DE 2.) I also ordered the government to notify the Court within seven days of Petitioner's release from custody, "as well as any change in the basis for petitioner's immigration detention." (*Id.*)

The government filed an answer opposing the petition on behalf of respondent Charles Green, the Warden of the Essex County Correctional Facility. (DE 6.) It argues that the Supreme Court's holding in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), abrogated prior court decisions, including *Diop*, that used the canon of constitutional avoidance to read a reasonableness limit into § 1226(c). Detention under § 1226(c), says the government, is mandatory until removal proceedings have concluded. (*Id.* at 8–10.) The Supreme Court, in the government's view, upheld the facial constitutionality of § 1226(c), and an as-applied challenge could succeed only in an extraordinary case. (*See id.* at 10–22.) In his reply brief, Petitioner argues that *Diop* and its progeny were not completely abrogated by *Jennings*. (*See* DE 7.) The government submitted a surreply. (DE 8.) Because that surreply was submitted without leave of court, I will disregard it, and caution the government to abide by the local rules in the future.

III. **ANALYSIS**

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or

treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Under 8 U.S.C. § 1226(c)(1), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings*, 138 S. Ct. at 846–47. Petitioner does not explicitly challenge the basis for his detention under § 1226(c); rather, his petition includes a number of irrelevant arguments directed to detention under 8 U.S.C. § 1231(a)(6).[2] Petitioner generally claims, however, that his detention has been unduly prolonged, and that courts, including *Diop*, have found that detention without a bond hearing can, after a certain period, become unconstitutional. (*See* DE 1 at 5–10.)

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held § 1226(c) to be constitutional on its face. It did so, however, on the assumption that most resulting detentions would be relatively brief. *Id.* at 517–31 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal."). In *Diop*, the Third Circuit applied the canon of constitutional avoidance and held that § 1226(c) "authorizes only mandatory detention that is reasonable in length." *Diop*, 656 F.3d at 231–35. Thus the statute

---

2    It appears that Petitioner's detention falls under § 1226(c)(1)(B), which applies to a person who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)," and § 1227(a)(2)(A)(iii), which renders deportable "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). The Third Circuit has found that a conviction for criminal sexual contact under N.J. Stat. Ann. § 2C:14-3(b) is an aggravated felony for immigration purposes. *Bontia v. U.S. Citizenship & Immigration Servs.*, 529 F. App'x 236, 238–40 (3d Cir. 2013).

3

contains an implicit requirement that detained persons must, at some point, receive bond hearings to warrant ongoing detention. The point at which a bond hearing would be required, however, would depend on all the facts of the case. In *Chavez-Alvarez v. Warden, York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit confirmed that the point at which detention under § 1226(c) crosses the permissible line, but announced a rule of thumb that detention would become constitutionally suspect at some point between 6 and 12 months. *See id.* at 473–78.[3]

In *Jennings, supra*, however, the Supreme Court abrogated the holdings of *Diop* and *Chavez-Alvarez,* as a matter of statutory interpretation. Specifically, *Jennings* held that § 1226(c) does not require bond hearings to justify ongoing detention, and that the canon of constitutional avoidance may not be employed to read such a requirement into the statute. *Id.* at 842, 846–47. The government acknowledges, however, that *Jennings* did not directly analyze the constitutionality of particular detentions under § 1226(c).

Putting these holdings together, I agree with the analysis of Judge Wigenton that one challenge to a § 1226(c) detention still remains available: "an individualized as applied constitutional challenge to the statute." *Dryden v. Green*, 321 F. Supp. 3d 496, 501–02 (D.N.J. 2018) (citing *Jennings,* 138 S. Ct. at 851–52). To put it another way, for a petitioner in this situation, "Jennings leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner." *Id.* at 502.[4]

---

[3]     *Chavez-Alvarez* reasoned that, at least where the Government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [suggested by *Demore, supra*], and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

[4]     I have abbreviated the reasoning of Judge Wigenton's opinion, with which I agree.

The post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*. Whether detention under § 1226(c) is constitutional continues to be "a function of the length of the detention," whereby "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 232, 234; *see also Chavez-Alvarez*, 783 F.3d at 474–75. Thus, at some point, detention under § 1226(c), in an individual case, may become "so unreasonable as to amount to an arbitrary deprivation of liberty" in violation of the Due Process Clause. *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Judges in this district have previously found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention. *See, e.g., Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months).

The Petitioner has been detained under § 1226(c) for nearly 27 months (or so I am entitled to assume).[5] The government points to continuances that were granted at Petitioner's

---

In dictum, while discussing a detention under a different section, § 1226(a), the U.S. Court of Appeals recently noted that "*Jennings* did not call into question [the] *constitutional* holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (emphasis added); *see also Dryden*, 321 F. Supp. 3d at 502.

[5]     The government has been ordered to notify the Court of any change in Petitioner's detention status (e.g., release, removal, or transition to detention under another statutory provision), but has not

request, but there is no allegation or indication that Petitioner has sought such continuances in bad faith or for the purposes of delay. I am wary, moreover, of making any ruling that would "effectively punish [the petitioner] for pursuing applicable legal remedies." *Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 270–71 (3d Cir. 2012) (internal quotation marks omitted).

For the petitioner's continued detention, the government cites the following justifications: "in order to assure his attendance at removal proceedings; to protect the community against the possibility that Petitioner, if released, will commit additional crimes; and, if necessary, to assure his removal from the United States." (DE 6 at 22.) Those justifications, however, have avoided serious scrutiny for a period well in excess of the presumptive 12 months. The entire point of this petition is that Petitioner has been detained under § 1226(c) for a prolonged period of some 27 months *without* any individualized determination as to whether he in fact poses a risk of flight or any other danger to the community.

Given these circumstances and the length of Petitioner's detention, I conclude that to continue the detention without at least a bond hearing would exceed the bounds of due process under the Fifth Amendment; it would constitute an unconstitutional application of § 1226(c) under the circumstances of this particular case. Accordingly, I will order the government to provide the petitioner, assuming he remains in detention under § 1226(c), with a bond hearing within 21 days.

---

filed any such notification. (*See* DE 2.) I therefore proceed under the assumption that Petitioner remains in detention under § 1226(c).

## IV.    CONCLUSION

For the foregoing reasons, the habeas petition (ECF No. 1) will be granted insofar as I will order that Petitioner, if he remains in detention under § 1226(c), receive a bond hearing within 21 days. The petition is otherwise denied. An appropriate order follows.

DATED: March 11, 2019

KEVIN MCNULTY
United States District Judge